EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Juan Conde Cruz<br><br>Recurrido<br><br>v.<br><br>Ángel L. Resto Rodríguez,<br>Jane Doe y otros<br><br>Peticionarios<br><br>v.<br><br>José A. Rodríguez Borrero<br><br>Recurrido | Apelación<br><br>2020 TSPR 152<br><br>205 DPR _____ |

Número del Caso:  AC-2019-0090

Fecha:  10 de diciembre de 2020

Tribunal de Apelaciones:

    Región Judicial de Guayama

Abogados de la parte peticionaria:

    Lcda. Mayra Y. Vicil Bernier
    Lcdo. Manuel L. Morales Schmidt

Abogado de la parte recurrida:

    Lcdo. Alberto J. Clavell Santiago

Materia: Procedimiento Civil - La defensa afirmativa de prescripción sólo se entiende renunciada si no se plantea en la primera alegación responsiva. Una parte no está obligada a acumular la defensa afirmativa de prescripción en una moción de desestimación al amparo de la Regla 10 de Procedimiento Civil so pena de que se entienda renunciada si no la incluye allí.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Juan Conde Cruz<br><br>    Recurrido<br><br>       v.<br><br>Ángel L. Resto Rodríguez,<br>Juana Doe, Pedro Roe, Mayra<br>Y. Vicil Bernier<br><br>    Peticionarios<br><br>       v.<br><br>José A. Rodríguez Borrero<br><br>    Recurrido | AC-2019-0090 |

La Jueza Presidenta Oronoz Rodríguez emitió la Opinión del Tribunal

En San Juan, Puerto Rico, a 10 de diciembre de 2020.

¿Renuncia un demandado a su derecho a plantear la defensa afirmativa de prescripción si no la aduce en una moción al amparo de la Regla 10 de Procedimiento Civil, infra? Resolvemos que no. Lo anterior, pues la defensa afirmativa de prescripción extintiva no es una de las defensas que la Regla 10.7 de Procedimiento Civil, infra, obliga a acumular en una moción al amparo de la Regla 10 de Procedimiento Civil so pena de que se entienda renunciada. En contraste, y conforme dispone la Regla 6.3 de Procedimiento Civil, infra, la defensa afirmativa de prescripción únicamente se entiende renunciada si no se plantea en la primera alegación responsiva.

Veamos los hechos que dieron lugar a esta controversia.

I

El 12 de enero de 2014 el Sr. Héctor Juan Conde Cruz (señor Conde) presentó una demanda de daños y en solicitud de sentencia declaratoria contra el Sr. Ángel Resto Rodríguez (señor Resto). Alegó que en el 2012 cedió al señor Resto un vehículo de motor Jeep Wrangler del año 2008 (vehículo), condicionado a que el señor Resto lo traspasara a su nombre y continuara realizando los pagos correspondientes.[1] Adujo que el señor Resto no realizó el traspaso ni los pagos, por lo que solicitó la devolución del vehículo y una indemnización por daños y perjuicios. El señor Resto –por medio de su representación legal en aquel entonces, la Lcda. Mayra Vicil Bernier (licenciada Vicil o peticionaria)– contestó la demanda y negó las alegaciones en su contra. En lo pertinente, alegó que cedió el vehículo a un tercero, con la anuencia del señor Conde, por lo que este ya no estaba en su posesión.

Luego de algunos trámites procesales, el 17 de noviembre de 2014 el señor Resto presentó una demanda contra tercero contra el Sr. José A. Rodríguez Borrero (señor Rodríguez o recurrido). Alegó que el señor Conde autorizó que cediera el vehículo a un tercero que lo continuaría pagando, pero que este tercero a su vez lo cedió al señor Rodríguez, su poseedor actual. Según el señor Resto, el señor Rodríguez no realizó los pagos del

---

[1] Los pagos debían realizarse a la institución que proveyó el financiamiento para la compra del vehículo, FirstBank, y a una compañía aseguradora, Universal Insurance Company.

vehículo y se negó a devolverlo.[2] En consecuencia, reclamó al señor Rodríguez una indemnización de $5,000 por concepto de daños y solicitó la entrega inmediata del vehículo.

Ocurridos varios trámites procesales que no son pertinentes a esta controversia, el 21 de julio de 2015 el señor Rodríguez contestó la demanda contra tercero y reconvino contra el señor Resto. En síntesis, el señor Rodríguez negó la mayoría de las alegaciones en su contra y planteó como defensa que el titular registral del vehículo – l señor Conde– completó el traspaso a su favor en enero de 2015, por lo que no tenía obligación legal alguna con el señor Resto. En la reconvención, alegó lo siguiente:

> 4. El 14 de julio de 2014 el [señor Resto], en compañía de un sargento de la policía sin uniformar del Distrito de Guayama, que primero se hizo pasar por su hermano y luego por su amigo, llegó a las inmediaciones del lugar de trabajo del compareciente en Carolina y en una forma atropellante [sic] e irrespetuosa le indicaron al compareciente que tenían una orden del tribunal para llevarse el [vehículo] por que [sic] el mismo estaba atrasado. El [señor Rodríguez] pidió ver la orden y no se la mostraron. También el [señor Rodríguez] indicó que el vehículo estaba al día con FirstBank pero, a pesar de que se les puso al teléfono el oficial del banco para confirmar la información, procedieron a llamar a la División de Vehículos Hurtados de Carolina, quienes se personaron al lugar y procedieron a tomar los datos del vehículo para ocuparlo hasta que de FirstBank le confirmaron que estaba al día […].
>
> 5. A pesar del [vehículo] estar al día, vehículos hurtados procedió [a] dar la orden de no utilizar el mismo hasta que se terminara la investigación, por lo que hubo que guardar el vehículo.
>
> 6. En todo momento el [señor Conde] estuvo al tanto de la situación y autorizó al [señor

---
[2] *Demanda contra tercero*, Apéndice, pág. 122.

Rodríguez] el traspaso del [vehículo]. Luego el [señor Resto] por conducto de representación legal ofreció pagar lo invertido por el compareciente en el [vehículo] para adquirir el mismo nuevamente y conseguir con eso que se le cayera el caso que el [señor Conde] le tenía, pero nunca apareció con el dinero. Luego, en los trámites del traspaso con FirstBank, para octubre de 2014, surgió que el [vehículo] no se le había pagado el seguro por los dos años anteriores y el banco exigía ese pago por completo antes del traspaso.

7. El compareciente tuvo que hacer gestiones para darle cubierta al [vehículo] objeto del litigio mediante un endoso de otra póliza y tuvo que comenzar gestiones con otra financiera para poder realizar el traspaso del vehículo a su nombre a un costo más caro. Mientras estas gestiones del traspaso se realizaban, el [señor Resto] **por medio de su representación legal** le hacía reclamos al [señor Rodríguez] **en octubre de 2014** mediante mensajes de texto de requerir la entrega del [vehículo] bajo la amenaza de que gestionaría una orden del tribunal.[3]

A base de estas alegaciones, el señor Rodríguez planteó que la conducta negligente o culposa del señor Resto le impidió utilizar el vehículo por varios meses. Reclamó una indemnización de $7,000 en concepto de daños por razón de la pérdida de uso del vehículo y $25,000 por las angustias mentales que esa privación le ocasionó. El señor Resto contestó la reconvención. En lo pertinente, informó que el señor Conde y el señor Rodríguez formalizaron el traspaso del vehículo a nombre de este último en enero de 2015, pero no lo informaron al tribunal.[4]

---

[3] *Contestación a demanda contra tercero y reconvención*, Apéndice, págs. 137-138 (Énfasis suplido).
[4] *Contestación a reconvención*, Apéndice, pág. 140.

Posteriormente, el señor Resto desistió de la demanda contra tercero que instó contra el señor Rodríguez. El 13 de enero de 2016 el Tribunal de Primera Instancia emitió una Sentencia parcial mediante la cual desestimó con perjuicio la demanda contra tercero contra el señor Rodríguez.[5] El señor Conde también desistió de su reclamación contra el señor Resto. El 21 de enero de 2016 el foro primario dictó una Sentencia parcial mediante la cual desestimó con perjuicio la demanda original.[6]

Así las cosas, el Tribunal de Primera Instancia se dio a la tarea de adjudicar una moción que había presentado el señor Rodríguez mediante la cual solicitó la descalificación de la abogada del señor Resto, la licenciada Vicil. Luego de algunos trámites, entre ellos la celebración de una vista para evaluar ese asunto en particular, el 21 de enero de 2016 el Tribunal de Primera Instancia emitió una Resolución mediante la cual declaró ha lugar la solicitud de descalificación de la licenciada Vicil y concedió un término al señor Resto para anunciar su nueva representación legal. Al respecto, el foro primario precisó:

> Esta determinación se toma al amparo del Canon 22 de los Cánones de Ética Profesional […] Este Canon establece que cuando un abogado es testigo de su cliente, o puede ser llamado a declarar en contra de su cliente, debe dejar la dirección de su caso a manos de otro abogado. El abogado del tercero demandado ha informa[do] al Tribunal que

---

[5] *Sentencia de archivo por desistimiento parcial*, Apéndice, pág. 152.
[6] *Sentencia parcial*, Apéndice, pág. 157.

la licenciada Vicil Bernier es un testigo de ocurrencia y hasta tiene participación dentro de las alegaciones hechas en su reconvención. En adición a esto, el abogado anticipó que solicitaría al Tribunal enmendar las alegaciones para incluir a la licenciada Vicil Bernier como parte demandada en la Reconvención (situación que alega surge durante el descubrimiento de prueba).[7]

Inconforme, el señor Resto solicitó reconsideración, pero el Tribunal de Primera Instancia la denegó. El señor Resto acudió entonces al Tribunal de Apelaciones mediante un recurso de *certiorari*. Mediante una Resolución emitida el 30 de junio de 2016, ese foro determinó no expedir el recurso.[8] Finalmente, el señor Resto intentó revisar la determinación del foro apelativo intermedio ante este Tribunal. No obstante, mediante dos Resoluciones emitidas por las Salas de Despacho correspondientes, denegamos expedir tanto la solicitud de certiorari que presentó el señor Resto como una primera moción de reconsideración que presentó posteriormente.[9] La moción de reconsideración se denegó el 3 de febrero 2017.[10]

Mientras se agotaba este trámite apelativo, las partes presentaron varios escritos en el Tribunal de Primera Instancia. En lo pertinente, el 3 de marzo de 2016 el señor Rodríguez solicitó enmendar la demanda para incluir a la licenciada Vicil como codemandada y presentó una demanda

---

[7] *Resolución*, Apéndice del recurso de *certiorari*, pág. 154.
[8] *Resolución*, Apéndice, pág. 160.
[9] Apéndice, págs. 317-320.
[10] Íd., pág. 320.

enmendada a esos efectos.[11] En síntesis, alegó que la licenciada Vicil le ocasionó daños al afirmar falsamente que el señor Resto era el verdadero titular del vehículo y al amenazar con gestionar una orden judicial si no lo devolvía.[12] Luego de algunos trámites, el 10 de mayo de 2016 el foro primario autorizó que el señor Rodríguez enmendara la demanda para incluir a la licenciada Vicil como codemandada.[13]

Así las cosas, el 5 de julio de 2016 la licenciada Vicil presentó una primera moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, infra. Planteó que la demanda en su contra no aducía una reclamación que justificara la concesión de un remedio, por dos fundamentos: (1) el señor Rodríguez carecía de legitimación activa, pues ella nunca fue su abogada y lo que se reclamó era realmente una acción por impericia profesional, y (2) porque la controversia no estaba madura debido a que el caso no había culminado.[14] No obstante, el 26 de octubre de 2016 el Tribunal de Primera Instancia emitió una Resolución mediante la cual paralizó el caso hasta tanto se agotara el trámite apelativo en torno a la descalificación de la licenciada Vicil.[15] Por lo tanto, en ese momento el Tribunal de Primera Instancia se reservó el

---

[11] *Solicitud de Demanda Enmendada*, Apéndice, pág. 178; *Demanda Enmendada*, Apéndice, pág. 179. El señor Resto se opuso. Apéndice, pág. 184.
[12] *Demanda Enmendada*, Apéndice, pág. 181.
[13] Apéndice, pág. 186.
[14] *Moción en solicitud de desestimación*, Apéndice, pág. 194.
[15] *Resolución*, Apéndice, pág. 361.

fallo en cuanto a la primera moción de desestimación que presentó la licenciada Vicil.[16]

Culminado el trámite apelativo relacionado a la descalificación, el 8 de junio de 2017 el señor Resto compareció mediante una nueva representación legal.[17] No obstante, poco después el señor Resto informó al tribunal que presentó una petición para acogerse a la protección del Capítulo 13 de la Ley de Quiebras y solicitar la paralización del caso.[18] En consecuencia, y con la anuencia del señor Rodríguez, el 2 de enero de 2018 el Tribunal de Primera Instancia notificó una Sentencia parcial en la que ordenó el archivo administrativo del caso en cuanto al señor Resto.[19]

En vista de todo lo anterior, en esta etapa de los procedimientos restaba únicamente por adjudicar la demanda enmendada de daños y perjuicios que el señor Rodríguez presentó contra la licenciada Vicil. Así las cosas, el 3 de agosto de 2017 la licenciada Vicil presentó una segunda moción de desestimación mediante la cual alegó que la acción en su contra estaba prescrita. Planteó que:

> Las alegaciones del tercero demandado desde su Reconvención el 20 de julio de 2015, mencionan a la compareciente. Por lo que [e]ste conoce el envolvimiento en el caso de la representante legal del co-demandado desde el día primero (15 de julio de 2014) hasta octubre del mismo año cuando cesó la comunicación, sin embargo, esperó hasta el 3 de marzo de 2016 para solicitar que se añadiera como co-demandada alegando solidaridad.

---

[16] Íd.
[17] *Moción sobre representación legal*, Apéndice, pág. 193.
[18] *Moción solicitando paralización por radicación de quiebra*, Apéndice, pág. 222; véase Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V.
[19] Apéndice, pág. 233.

> Según la jurisprudencia interpretativa, el tercero demandado tenía que interrumpir la prescripción de la compareciente por cualquiera de las vías en ley […] No lo hizo así por lo que perdió su derecho.[20]

Una semana después, el señor Rodríguez compareció para oponerse a esta segunda moción de desestimación. Alegó que no fue hasta el 4 de noviembre de 2015 que tuvo todos los elementos necesarios para ejercer su acción contra la licenciada Vicil, pues fue en esa fecha que –como parte del descubrimiento de prueba– advino en conocimiento de que las representaciones que le hizo la licenciada Vicil durante sus intentos de recuperar el vehículo fueron falsas. Según el señor Rodríguez, se percató de lo anterior luego de examinar una carta del 5 de junio de 2014 que la licenciada Vicil envió al tercero al cual el señor Resto originalmente cedió el vehículo. Al respecto, adujo que en la carta la licenciada acepta que el señor Resto cedió el vehículo a ese tercero, por lo que esta sabía que su cliente no tenía un derecho sobre ese bien al momento de presentar una demanda contra tercero en su contra.[21] En la alternativa, arguyó que los intentos de recuperar el vehículo por parte de la licenciada Vicil constituyeron daños continuados, por lo que el término prescriptivo comenzó a transcurrir "el **28 de diciembre de 2015,** fecha en que propiamente desistió del

---

[20] *Moción de desestimación por prescripción y suplemento a moción de desestimación*. Apéndice, pág. 236.
[21] *Moción en oposición a desestimación por prescripción*, Apéndice, pág. 243 ("Allí se supo que todo lo que alegaba la [licenciada] Vicil tanto al [señor Rodríguez] como al tribunal era falso […] Cuando se conoce la falsedad de las alegaciones de la licenciada Vicil, y que [e]sta sabía de su falsedad, es que se configura la reclamación en daños y perjuicios contra ella").

último reclamo para obtener ilegalmente la posesión del Jeep del compareciente mediante su demanda contra tercero".[22]

Luego de varios trámites procesales, entre los que se encuentra la suspensión de las labores en los tribunales debido al paso de los huracanes Irma y María,[23] el 18 de enero de 2018 el Tribunal de Primera Instancia celebró una vista argumentativa para discutir la segunda moción de desestimación que la licenciada Vicil presentó. Terminada la vista, el tribunal ordenó a las partes presentar memorandos de derecho en apoyo a su postura. Las partes cumplieron con lo ordenado.[24] Finalmente, el 14 de marzo de 2018 el foro primario emitió una Sentencia mediante la cual acogió la segunda moción de desestimación de la licenciada Vicil como una solicitud de sentencia sumaria y desestimó la demanda enmendada que el señor Rodríguez presentó contra la licenciada Vicil.[25] Sustentó su conclusión en las determinaciones de hecho siguientes:

1. El Sr. Rodríguez Borrero adquirió la unidad objeto del litigio, Jeep Wrangler 2008, del Sr. Joaquín Mauras en enero de 2014 mediante el pago de $3,000.00 y asumió el balance pendiente de pago en FirstBank.

2. El 1[5] de julio de 2014, el Sr. Ángel Resto Rodríguez, en compañía de un policía sin uniformar, le requirió al Sr. Rodríguez Borrero la entrega de la unidad en persona.

---

[22] Íd., pág. 244.
[23] Resoluciones del Tribunal Supremo, EM-2017-07 y EM-2017-08.
[24] *Memorando de derecho en apoyo a segunda moción de desestimación*, Apéndice, pág. 248; *Memorando de derecho en oposición a segunda moción de desestimación*, Apéndice, pág. 263.
[25] *Sentencia parcial*, Apéndice, pág. 52.

Durante dicha intervención, la Lcda. Vicil Bernier conversó con el Sr. Rodríguez Borrero. A raíz de dicha conversación, personal de Vehículos Hurtados se personó y le ordenaron al Sr. Rodríguez Borrero que no utilizara el vehículo hasta que certificaran que todo estaba en orden.

3. En octubre de 2014, la Lcda. Vicil Bernier le envió [un] mensaje de texto al Sr. Rodríguez Borrero reclamando la devolución del vehículo so pena de obtener una orden del tribunal.

4. Entre el 14 de julio de 2014 y octubre de 2014, la Lcda. Vicil Bernier, en representación del Sr. Resto Rodríguez, hizo acercamientos para comprar el vehículo, pero nunca se completó la transacción.

5. El Sr. Rodríguez Borrero comenzó las gestiones con el banco y el Sr. Conde Cruz para traspasar el vehículo a su nombre en octubre de 2014.

6. El 17 de noviembre de 2014, la Lcda. Vicil Bernier, presentó demanda contra tercero contra el Sr. Rodríguez Borrero reclamando la devolución del vehículo.

7. El Sr. Rodríguez Borrero realizó el traspaso en el Departamento de Transportación y Obras Públicas con el titular registral[,] Sr. Héctor Juan Conde Cruz, demandante original en este pleito, en enero de 2015.

8. El Sr. Rodríguez Borrero continuó realizando los pagos a FirstBank entre julio de 2014 hasta la fecha del traspaso en enero de 2015.

9. Antes de realizar el traspaso a su nombre en enero de 2015, el Sr. Rodríguez Borrero tuvo que asumir el balance adeudado al FirstBank por el préstamo del vehículo y por el impago de su seguro por más de un año. Esto provocó que el Sr. Rodríguez Borrero tuviera que refina[ncia]r lo adeudado con otra institución financiera.

10. El Sr. Rodríguez Borrero fue emplazado sobre la demanda contra tercero mediante edicto publicado el 27 de marzo de 2015.

11. El 19 de junio de 2015[,] la Lcda. Vicil Bernier le notifica al Sr. Rodríguez Borrero por mensaje de texto de esta demanda.

12. El Sr. Rodríguez Borrero contestó la demanda contra tercero y reconvino el 2[1] de julio de 2015.

13. El 4 de noviembre de 2015, la Lcda. Vicil Bernier envió a la representación legal del Sr. Rodríguez Borrero una carta con fecha de 5 de junio de 2014, donde se le reclama extrajudicialmente a un Adalberto Marrero Cintrón la devolución del vehículo.

14. El 2[2] de diciembre de 2015, la demanda contra el Sr. Resto Rodríguez fue desistida por el demandante original, Sr. Conde Cruz.

15. El 28 de diciembre de 2015, la demanda contra tercero en contra del Sr. Rodríguez Borrero fue desistida por el Sr. Resto Rodríguez.

16. La Demanda Enmendada fue presentada por el Sr. Rodríguez Borrero el 3 de marzo de 2016 incluyendo como co-demandad[a] a la Lcda. Vicil Bernier.[26]

A base de lo anterior, el foro primario concluyó que la causa de acción contra la licenciada Vicil prescribió antes de que el señor Rodríguez presentara la demanda enmendada en su contra, pues el señor Rodríguez conoció todos los elementos necesarios para poder ejercitar su causa de acción en octubre de 2014 o, en la alternativa, en enero de 2015, cuando se completó el traspaso. Según razonó el foro primario:

---

[26] *Sentencia parcial*, Apéndice, págs. 55-57.

[E]l Sr. Rodríguez Borrero conocía al menos desde octubre de 2014, el daño que había sufrido, al no poder utilizar el vehículo y las angustias mentales por los reclamos de devolver el vehículo; conocía los causantes de los daños, según su apreciación, el Sr. Resto Rodríguez y la Lcda. Vicil Bernier; y tenía todos los elementos necesarios para ejercitar su causa de acción pues tenía los nombres de las partes, la capacidad en la que cada parte participó en los hechos, así como el hecho de que el vehículo no le pertenecía ya al Sr. Resto Rodríguez. El Sr. Rodríguez Borrero no hubiera iniciado el proceso de traspaso de un vehículo a menos que estuviera seguro que dicho trámite le daría la titularidad registral y completo dominio del vehículo y aún más cuando para lograr el traspaso era necesario saldar esa deuda por falta de pago al seguro. Nada impedía que ejercitara la acción en dicho momento de así entenderlo necesario pues la correspondencia entregada en noviembre de 2015 no aportaba ninguna información nueva. No obstante, demandó a la Lcda. Vicil Bernier en marzo de 2016, más de un año después de tener todos los elementos necesarios para ejercer su causa de acción.

A[u]n si no se tomara la fecha de octubre de 2014 como la fecha en que el Sr. Rodríguez Borrero conoció que el vehículo no le pertenecía al Sr. Resto Rodríguez, en enero de 2015 al completar el traspaso, ya lo conocía pues sabía de la existencia del Sr. Conde Cruz. También conocía que el mismo era el titular registral del vehículo al haberlo traspasado a su nombre en esa fecha. Por tanto, ya en enero de 2015, también tenía los elementos necesarios para ejercitar su causa de acción contra la Lcda. Vicil Bernier.[27]

El señor Rodríguez solicitó reconsideración, pero el foro primario no varió su dictamen. Inconforme, el señor Rodríguez presentó un recurso de apelación en el Tribunal de Apelaciones. Planteó, entre otras cosas, que el Tribunal de Primera Instancia erró "al negarse a decretar que la defensa de prescripción había sido renunciada por la

---

[27] Íd., págs. 288-289.

[licenciada] Vicil al no haber contestado la demanda enmendada en su contra y encontrarse en rebeldía".[28]

Luego de algunos trámites, el 29 de marzo de 2019 el Tribunal de Apelaciones notificó una Sentencia mediante la cual revocó el dictamen apelado.[29] Aunque el foro apelativo aclaró que la licenciada Vicil no se encontraba en rebeldía, pues el foro primario nunca hizo determinación alguna a esos efectos, resolvió que esta renunció a la defensa de prescripción debido a que no la adujo en la primera moción de desestimación que presentó el 5 de julio de 2016.[30] Además, el Tribunal de Apelaciones puntualizó que el foro primario erró al acoger la segunda moción de desestimación que la licenciada Vicil presentó como una solicitud de sentencia sumaria. Según el Tribunal de Apelaciones, debido a que la licenciada Vicil no acompañó a esa moción prueba que fuese admisible en evidencia, el Tribunal de Primera Instancia estaba vedado de utilizar el mecanismo sumario para disponer del caso.

El 12 de abril de 2019 la licenciada Vicil presentó una moción de reconsideración.[31] Arguyó que no renunció a la defensa afirmativa de prescripción por razón de no haberla aducido en la primera moción de desestimación que presentó, por varias razones. En primer lugar, subrayó que la Regla 6.3 de Procedimiento Civil, _infra_ –que regula lo

---

[28] _Apelación_, Apéndice, pág. 83.
[29] _Sentencia_, Apéndice, pág. 25.
[30] _Íd._, pág. 48. ("Por ser la prescripción una defensa afirmativa, la [licenciada] Vicil Bernier debió plantearla en la primera oportunidad que tuvo, de conformidad con lo dispuesto en la Regla 10.7 de Procedimiento Civil […] pues de lo contrario se entiende renunciada").
[31] _Reconsideración_, Apéndice, pág. 3.

concerniente a las defensas afirmativas- dispone que estas solo se entienden renunciadas cuando no se aducen en la primera alegación responsiva, es decir, al contestar la demanda. Según la licenciada Vicil, la primera moción de desestimación que presentó al amparo de la Regla 10.2 de Procedimiento Civil, _infra_, no constituye una alegación –según las define la Regla 5.1 de Procedimiento Civil, _infra_- por lo que el foro apelativo intermedio  erró al determinar que renunció a esa

defensa antes de contestar la demanda.[32]

En segundo lugar, planteó que la Regla 10.7 de Procedimiento Civil, _infra_, no aplica a esta controversia, pues esta regula únicamente las defensas y objeciones "que sean de las que la Regla 10 permite presentar mediante moción", es decir, las contempladas en la lista taxativa que establece la Regla 10.2 de Procedimiento Civil, _infra_.[33] La licenciada Vicil arguyó que, debido a que esa Regla no contempla la defensa afirmativa de prescripción, no estaba obligada a acumularla en la primera moción de desestimación que presentó al amparo de la Regla 10.2 de Procedimiento Civil, _infra_, so pena de que se entendiera renunciada.[34]

Por otro lado, la licenciada Vicil alegó que el Tribunal de Primera Instancia no erró al acoger la segunda

---

[32] A esos efectos, la licenciada Vicil planteó que una "[u]na moción presentada antes de la contestación de la demanda no puede ser considerada como una alegación responsiva a la demanda sino meramente como una moción", pues la Regla 5.1 identifica taxativamente cuáles son las alegaciones responsivas en nuestro ordenamiento. _Reconsideración_, Apéndice, pág. 5.
[33] _Íd._, pág. 7.
[34] _Íd._, págs. 21-22.

moción de desestimación como una solicitud de sentencia sumaria, pues la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, proveía discreción al foro primario para acogerla como tal "porque [esa] moción estaba basada en hechos no controvertidos que surgían de las propias alegaciones (reconvención y demanda enmendada) del aquí apelante y [esa] falta de controversia puede establecerse de las propias alegaciones".[35] En la alternativa, planteó que —en conformidad con lo resuelto en Rossy v. Tribunal Superior, 80 DPR 729 (1958)— el Tribunal de Primera Instancia podía acoger la moción de desestimación por prescripción tal cual, pues los hechos que sustentan la prescripción surgen de la faz de la reconvención y la demanda enmendada.[36]

El señor Rodríguez se opuso. Arguyó que, debido a que la licenciada Vicil optó por presentar una primera moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil antes de contestar la demanda, venía obligada a acumular en esa moción todas las defensas afirmativas a las que tenía derecho.[37] Sostuvo que la interpretación que propone la licenciada Vicil retrasaría indebidamente los procedimientos, pues permitiría que la parte demandada presente varias mociones de desestimación antes de contestar la demanda.[38] Por último, basándose en la decisión de este Tribunal en Sánchez Montalvo v. Autoridad

---

[35] Íd., pág. 22.
[36] Íd.
[37] *Moción en oposición a reconsideración*, Apéndice, pág. 72 ("Bajo la Regla 10.7 claramente se requiere acumular todas las defensas y eso incluye la defensa afirmativa de prescripción y la sanción cuando eso no se hace es que no se podrá presentar luego").
[38] Íd., pág. 73.

de Puertos, 153 DPR 559 (2001), el señor Rodríguez arguyó que una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil constituye una alegación responsiva.[39]

Así las cosas, el 21 de mayo de 2019 el Tribunal de Apelaciones notificó una Resolución mediante la cual declaró no ha lugar la oposición que el señor Rodríguez presentó.[40] Nada dispuso en cuanto a la moción de reconsideración de la licenciada Vicil. No obstante, el 10 de junio de 2019 el Tribunal de Apelaciones notificó una mal denominada[41] *Resolución Nunc Pro Tunc* mediante la cual

---

[39] Íd.

[40] *Resolución*, Apéndice, pág. 68.

[41] Los tribunales pueden corregir los errores que cometan en sus dictámenes. Dumont v. Inmobiliaria Estado, 113 DPR 406, 413 (1982). No obstante, esa facultad no es irrestricta, sino que depende del tipo de error que se pretende corregir y del momento en que ello se intenta. La Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V, regula lo concerniente al mecanismo para corregir los errores de forma que aparecen en las sentencias, órdenes u otras partes de un expediente. Los errores de forma son aquellos que ocurren "por inadvertencia u omisión, o errores mecanográficos, *o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales*". Vélez v. AAA, 164 DPR 772, 791 (2005) (citando a SLG Coriano-Correa v. K-mart Corp., 154 DPR 523, 529 (2001) (Bastardillas en el original)). Se consideran errores de forma, por ejemplo, aquellos relacionados con "cálculos matemáticos, fechas, edades y nombres, entre otros". León v. Rest. El Tropical, 154 DPR 249, 264 n. 9 (2001) (Énfasis omitido). Cuando se trata de errores de ese tipo el tribunal puede corregirlos "en cualquier tiempo, a su propia iniciativa o a moción de cualquier parte […]". Regla 49.1 de Procedimiento Civil, supra. Los errores de forma son subsanables mediante enmiendas *nunc pro tunc*, las cuales se retrotraen a la fecha de la sentencia, orden o resolución original. Security Ins. Co. v. Tribunal Superior, 101 DPR 191, 202 (1973). En contraste, los errores que no son de forma y van a la sustancia de un dictamen no son susceptibles de ser enmendados mediante enmiendas *nunc pro tunc*. García López v. Méndez García, 102 DPR 383, 393 (1974). En este caso, el foro apelativo erró al denominar como "nunc pro tunc" una Resolución mediante la cual pretendió corregir un error que iba a la sustancia del dictamen que emitió. En efecto, mediante la Resolución *Nunc Pro Tunc* del 10 de junio de 2019 el Tribunal de Apelaciones emitió un dictamen completamente distinto, pues allí atendió **por primera vez** la moción de reconsideración que presentó la licenciada Vicil y la declaró no ha lugar. No debe quedar duda alguna en nuestro ordenamiento sobre que el mecanismo de enmiendas *nunc pro tunc* que contempla la Regla 49.1 de Procedimiento Civil, supra, no está disponible cuando lo que se pretende es emitir un dictamen nuevo en torno a una moción que el

se dio por enterado del escrito en oposición que presentó el señor Rodríguez y, por primera vez, declaró no ha lugar la moción de reconsideración que presentó la licenciada Vicil.[42]

Inconforme, el 1 de julio de 2019 la licenciada Vicil presentó un recurso de apelación ante nos.[43] Acogido como un recurso de *certiorari*, por ser este el adecuado, lo expedimos y, posteriormente, las partes presentaron sus alegatos. En su escrito, la peticionaria reiteró los planteamientos que realizó cuando solicitó reconsideración ante el Tribunal de Apelaciones.[44] Añadió que la expresión

---

tribunal no ha atendido. Lo que procedía en este caso era que el Tribunal de Apelaciones emitiera una segunda Resolución **-sin carácter de *nunc pro tunc*-** mediante la cual enmendara la Resolución anterior para darse por enterado de la oposición del señor Rodríguez y declarase no ha lugar la moción de reconsideración que presentó la licenciada Vicil.

[42] *Resolución Nunc Pro Tunc*, Apéndice, pág. 2.

[43] Debido a que la licenciada Vicil presentó la moción de reconsideración en el término de 15 días que dispone el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, los términos para recurrir a este Tribunal quedaron paralizados, y no comenzaron a transcurrir hasta el 10 de junio de 2020, fecha en la que el Tribunal de Apelaciones archivó en autos copia de la notificación de la Resolución mediante la cual denegó esa moción de reconsideración.

[44] A esos efectos, planteó:

> La construcción gramática de la [Regla 10.7 de Procedimiento Civil] claramente establece que cuando se dejan de acumular cualquiera de las defensas y objeciones a que tenga derecho **y que sean de las que la Regla 10 permite presentar mediante moción**, [se] renuncia a las mismas. Las únicas defensas y objeciones que la Regla 10 permite presentar mediante moción son aquellas recogidas en la lista taxativa de la Regla 10.2 entre las que no se encuentran las defensas afirmativas. […] [E]l legislador no ha querido incluir las defensas afirmativas entre aquellas que se pueden acumular dentro de una moción al amparo de la Regla 10.2. El texto es claro en cuanto a qué defensas se renuncian si no se incluyen en la moción que se presente al amparo de la Regla 10 […] La interpretación que hace el Honorable TA obligaría a presentar en una Moción de Desestimación al amparo de la Regla 10.2 **TODAS** las defensas afirmativas a que tuviera derecho la parte, obligando a [e]sta a argumentarlas en dicho escrito so pena de que se entendieran renunciadas o en la alternativa abstenerse de presentar una Moción bajo dicha Regla ante la posibilidad de renunciar inadvertidamente a una defensa afirmativa.

de Sánchez Montalvo v. Autoridad de Puertos, supra, que el señor Rodríguez citó para sustentar su postura no aplica a este caso, por tratarse de *dictum*.[45] En la alternativa, alegó que esa expresión es incompatible con la letra clara de las Reglas 6.3 y 10.2 de Procedimiento Civil, infra.[46] Por su parte, el recurrido también reiteró en su alegato los argumentos que adujo en el Tribunal de Apelaciones.

Expedido el recurso y con el beneficio de la comparecencia de ambas partes, exponemos el derecho aplicable.

II

A. Alegaciones

Las alegaciones son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan, 2017, sec. 2202, pág. 279. Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes". Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497 (1994). La Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, enumera taxativamente las alegaciones que nuestro ordenamiento civil reconoce: (1) la demanda, (2) la contestación a la demanda, (3) la reconvención, (4) la réplica a la reconvención, (5) la demanda contra coparte, (6) la contestación a la demanda contra coparte,

---

Alegato de la peticionaria, pág. 13.
[45] Alegato de la peticionaria, pág. 14.
[46] Íd.

(7) la demanda contra tercero, y (8) la contestación a la demanda contra tercero. ("No se permitirá ninguna otra alegación, pero el tribunal podrá exigir que se presente una réplica a una contestación o a una contestación de tercero"). Íd. (Énfasis suplido).

Es importante distinguir entre las alegaciones y las mociones. Las alegaciones, según intimado, comprenden únicamente los escritos que la Regla 5.1 de Procedimiento Civil, supra, detalla. En contraste, el término "moción" abarca cualquier solicitud al tribunal para que tome una determinación particular. Hernández Colón, *op. cit.*, pág. 303 ("Una moción es cualquier solicitud que se formula al tribunal durante el transcurso del pleito, para moverlo a que tome determinada acción. Una moción no es una alegación"); véase también, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., 2011, pág. 375 ("Las mociones no son alegaciones") (citando a O'Connors, *Federal rules: Civil trials*, 2011, pág. 7).

Cualquier alegación mediante la cual una parte solicite un remedio –como, por ejemplo, una demanda– incluirá: (1) una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado, y (2) la solicitud del remedio que se alega debe concederse. Regla 6.1 de Procedimiento Civil, supra. Corresponde a la parte contra la cual se reclama, como lo sería un demandado, presentar una alegación responsiva en la cual admita o

niegue las aseveraciones en que descanse la parte contraria. Regla 6.2(a) de Procedimiento Civil, supra.

La Regla 6.4 de Procedimiento Civil, supra, dispone que "[l]as aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva". Por lo tanto, si un demandado no niega una aseveración contenida en la demanda, esa aseveración se entenderá probada, excepto si se refiere al monto de los daños. Díaz Ayala v. ELA, 153 DPR 675, 692 (2001) ("El demandante no tiene que presentar prueba sobre hechos no negados, o admitidos, en la contestación, y esos hechos deben ser considerados como ciertos").

B. Defensas afirmativas

Además de negar o admitir las aseveraciones que contiene la alegación, la parte que responde a una alegación deberá incluir en su contestación o réplica "sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas". Regla 6.2(a) de Procedimiento Civil, supra. Entre las defensas que esa parte puede plantear se encuentran las defensas afirmativas.

Mediante una defensa afirmativa la parte a quien corresponde responder una alegación afirma hechos o argumentos "que[,] de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante

fueron aceptadas como correctas". Hernández Colón, *op. cit.*, pág. 290; véase también Díaz Ayala v. ELA, supra, pág. 695 ("[Las defensas afirmativas] [s]on defensas que principalmente comprenden materia de naturaleza sustantiva y/o materia constitutiva de excusa por la cual la parte demandada no deba responder a las reclamaciones instadas en su contra") (Bastardillas en el original) (citas omitidas).

La Regla 6.3 de Procedimiento Civil, supra, regula lo concerniente a estas defensas. En lo pertinente, dispone que:

(1)  Al responder a una alegación, las siguientes defensas deberán expresarse afirmativamente:

[…]

(q) Prescripción adquisitiva o extintiva.

[…]

Estas defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente.[47]

Según surge de la Regla antes citada, una característica importante de estas defensas es que se entienden renunciadas si no se aducen al responder a una alegación, es decir, en la alegación responsiva. Por lo tanto, un demandado que no aduce una defensa afirmativa en la contestación a la demanda renuncia a esta y no podrá plantearla en una etapa posterior del proceso judicial. Íd.; Díaz Ayala v. ELA, supra, pág. 696.

---

[47] Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V.

No obstante, cabe resaltar que la propia Regla 6.3 de Procedimiento Civil, supra, permite a un demandado aducir una defensa afirmativa que no planteó en la contestación a la demanda "si los hechos que la fundamentan se conocen con posterioridad a la presentación de la contestación y con motivo del descubrimiento de prueba". Hernández Colón, op. cit., pág. 291. En ese caso, corresponde al demandado enmendar con premura su contestación a la demanda para incluir la defensa afirmativa que omitió aducir por desconocer que la tenía disponible cuando contestó la demanda. Texaco PR, Inc. v. Díaz, 105 DPR 248, 250 (1976).

C. La Regla 10 de Procedimiento Civil

La Regla 10 de Procedimiento Civil permite a un demandado presentar tres tipos de mociones antes de contestar la demanda: (1) una moción de desestimación, (2) una moción para solicitar una exposición más definida, y (3) una moción eliminatoria. Reglas 10.2, 10.4 y 10.5 de Procedimiento Civil, 32 LPRA Ap. V, respectivamente.[48] La notificación de estas mociones interrumpe el término para presentar la alegación responsiva. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V. Sin embargo, para evitar que el proceso judicial se dilate innecesariamente, la Regla 10.7 de Procedimiento Civil obliga a una parte que presente una moción al amparo de la Regla 10 a acumular en esta todas las mociones y defensas que contempla la Regla

---

[48] La Regla 10 también permite presentar una moción para que se dicte sentencia por las alegaciones, pero únicamente "[d]espués que se hayan presentado todas las alegaciones". Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V.

10 a las que entienda tiene derecho.[49] Según dispone esta Regla:

> […] La parte que presente una moción de acuerdo con esta Regla 10 de este apéndice y no incluya en ella cualquiera de las defensas y objeciones a que tenga derecho **y que esta Regla 10 de este apéndice le permita presentar mediante moción,** no podrá presentar luego una moción fundada en las defensas u objeciones así omitidas, excepto las provistas en las Reglas 10.2(1) y 10.8(b) de este apéndice.[50]

Por su parte, la Regla 10.2 de Procedimiento Civil, supra, permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". Sánchez v. Aut. De Los Puertos, 153 DPR 559, 569 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable.

Conforme la Regla 10.7 antes citada, la parte que presente una moción de desestimación al amparo de la Regla 10.2 tiene que acumular en esa moción todas las defensas que la Regla 10 le permite presentar mediante moción. De no hacerlo, se entenderán renunciadas, a menos de que la moción esté fundada en falta de jurisdicción

---

[49] Hernández Colón, op. cit., pág. 310 ("Las reglas no pueden permitir que todas estas mociones se presenten separadamente porque se dilataría el proceso innecesariamente. Todas se deben formular conjuntamente y resolverse de una vez por el tribunal").
[50] Regla 10.7 de Procedimiento Civil, 32 LPRA Ap. V (Énfasis suplido).

sobre la materia (Regla 10.2(1) de Procedimiento Civil, 32 LPRA Ap. V), o en una de las defensas privilegiadas que contempla la Regla 10.8(b) de Procedimiento Civil, 32 LPRA Ap. V.

Si de las alegaciones de la demanda surge que la acción prescribió, un demandado puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, _supra_, es decir, fundada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. _Sánchez v. Aut. De Los Puertos_, supra; _Rossy v. Tribunal Superior_, supra, pág. 745 (citando a _Ramos v. Departamento del Interior_, 80 DPR 729, 644 (1947) ("Siendo la alegación de tiempo, en relación con la prescripción, una materia esencial a la causa de acción, puede, por tanto, desestimarse por moción una demanda que no contenga dicha alegación")). Conforme las Reglas 10.7 y 10.8(b) de Procedimiento Civil antes citadas, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas que la Regla 10.7, _supra_, instituye. En contraste, esta defensa –de ordinario– no se entiende renunciada aun si no se acumula en una moción al amparo de la Regla 10 de Procedimiento Civil, _supra_, y puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e incluso luego de comenzado el juicio. Regla 10.8(b) de Procedimiento Civil, _supra_. No

obstante, la situación es distinta cuando una moción de desestimación al amparo de la Regla 10.2(5), supra, se basa en una de las defensas afirmativas que contempla la Regla 6.3 de Procedimiento Civil, supra.[51] Lo anterior, pues, según discutido anteriormente, la Regla 6.3, supra, establece de manera expresa que las defensas afirmativas que regula —entre las que se encuentra la prescripción— se entienden renunciadas si no se plantean en la primera alegación responsiva.

D. Prescripción extintiva

El Artículo 1861 del Código Civil dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". 31 LPRA sec. 5291. Lo anterior significa que, en ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que la ley establece. Cacho González v. Santarrosa, 2019 TSPR 146, 201 DPR ___ (2019); Maldonado Rivera v. Suárez, 195 DPR 182 (2016). Existen tres maneras de interrumpir un término prescriptivo: (1) la acción judicial correspondiente, (2) una reclamación extrajudicial, y (3)

---

[51] Enfatizamos que solamente se puede solicitar la desestimación al amparo de la Regla 10.2, supra, basada en una de las defensas afirmativas que contempla la Regla 6.3, supra, cuando surja **de la faz de la demanda** que esta prosperará. Sánchez, supra; Rossy, supra. Véase Wright & Miller, 5 Fed. Prac. & Proc. Civ. sec. 1277 (3d ed.) ("The statute of limitations defense is unusual in that […] its effectiveness may well appear on the face of the complaint. Most of the affirmative defenses referred to in Rule 8(c) are less self-evident, however, and usually do not give rise to a motion addressed to the viability or sufficiency of the complaint. For example, the defense of laches, although similar to a limitations defense, involves more than the mere lapse of time and depends largely upon questions of fact").

el reconocimiento de la deuda por parte del deudor. Art. 1873 del Código Civil, 31 LPRA sec. 5303.

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico. Maldonado Rivera v. Suárez, supra; véase también Haedo Castro v. Roldán Morales, 2019 TSPR 176, 201 DPR ___ (2019) ("Esta figura tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones") (citas omitidas). Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. Íd. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. Íd.

Una acción de daños y perjuicios al amparo del Art. 1802 del Código Civil, 32 LPRA sec. 5141, prescribe al cabo de un año. Art. 1868 del Código Civil, 31 LPRA sec. 5298. "[L]a brevedad de este término responde a que el legislador quiso dotar de mayor certeza una relación que generalmente carece de ella debido a la inexistencia de un vínculo previo entre las partes y el desconocimiento de la extensión de la obligación". Maldonado Rivera v. Suárez, supra, pág. 194 (citas omitidas). De ordinario, ese término comienza a transcurrir una vez el agraviado conoció o debió

conocer los elementos necesarios para ejercer su causa de acción, a saber: que sufrió un daño y quién lo causó. Íd.; Municipio de San Juan v. Bosque Real, S.E., 158 DPR 743, 774 (2003); Colón Prieto v. Géigel, 115 DPR 232, 247 (1984). No obstante, cuando se trata de daños continuados, el término prescriptivo para instar una reclamación comienza a transcurrir cuando se verifican los últimos actos u omisiones o se produce el resultado definitivo, lo que sea posterior. Cacho González v. Santarrosa, supra (citando a Rivera Ruiz et al. v. Mun. de Ponce et al., 196 DPR 410 (2016)).

III

En este caso, la peticionaria presentó una primera moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, supra. No planteó que la demanda en su contra estuviera prescrita. Posteriormente, agotados los trámites apelativos en torno al asunto de su descalificación, la peticionaria presentó una segunda moción de desestimación en la que planteó que la demanda en su contra no expuso una reclamación que justificara la concesión de un remedio porque estaba prescrita.[52] El

---

[52] *Moción de desestimación por prescripción y suplemento a moción de desestimación.* Apéndice, pág. 236. La defensa de dejar de exponer una reclamación que justifique la concesión de un remedio que estatuye la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, es una defensa privilegiada que la Regla 10.7, supra, exime del requisito de acumulación. Por lo tanto, la peticionaria podía presentarla antes de contestar la demanda a pesar de que presentó una primera moción de desestimación al amparo de la misma Regla. Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012) (interpretando las Reglas equivalentes en la esfera federal) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion […] Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement"); véase además R. Hernández

recurrido nos invita a resolver que, debido a que la peticionaria no adujo la defensa afirmativa de prescripción extintiva en la primera moción de desestimación, la renunció. Rechazamos esa invitación, por varias razones.

En primer lugar, la defensa que adujo la peticionaria en la segunda moción de desestimación no es de las defensas que la Regla 10.7 obliga a acumular en una moción a su amparo. Según discutido, la Regla 10.7 exceptúa de este requisito de acumulación de defensas a las mociones de desestimación al amparo de la Regla 10.2 cuyo fundamento sea que la demanda deja de exponer la reclamación que justifique la concesión de un remedio. Reglas 10.2(5), 10.7 y 10.8(b) de Procedimiento Civil, supra. Debido a que mediante la segunda moción que presentó se solicitó la desestimación por ese fundamento, la peticionaria no estaba obligada a acumular la defensa de prescripción extintiva en la primera moción de desestimación que presentó. Íd.

En segundo lugar, la interpretación que propone el recurrido dejaría sin efecto el texto claro de la Regla 6.3 de Procedimiento Civil, supra, conforme al cual las defensas afirmativas –entre ellas, la prescripción

---

Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan, 2017, sec. 2608, pág. 311 ("Se llaman privilegiadas las defensas que pueden plantearse **en cualquier momento** durante el proceso") (Énfasis suplido). No obstante, nada impide que los Tribunales de Primera Instancia, en el ejercicio de su poder inherente para supervisar el proceder de los abogados que postulan en sus salas, impongan sanciones –ya sea a los abogados o a las partes– si determinan que una parte presentó una segunda moción de desestimación al amparo de la Regla 10.2(5), supra, con el propósito de dilatar los procedimientos. Reglas 9.1 y 9.3 de Procedimiento Civil, 32 LPRA Ap. V. En este contexto, una sanción apropiada sería dar por no puesta la moción de desestimación dilatoria y ordenar a la parte que conteste la alegación en el término original.

extintiva– solamente se entienden renunciadas si no se plantean en la primera alegación responsiva. Según discutido, una moción de desestimación no constituye una alegación en nuestro ordenamiento, por lo que no haber planteado la defensa de prescripción en esa moción no implica su renuncia.[53] En ese sentido, es evidente que la lectura de la Regla 10.2, supra, que propone el recurrido nos obligaría a hacer caso omiso al mandato claro de la Regla 6.3, supra. Ese resultado es inconsistente con los principios de hermenéutica que rigen en nuestra jurisdicción y que este Tribunal ha validado reiteradamente.[54] En este caso, la peticionaria no ha contestado la demanda aún, por lo que no ha renunciado a la defensa de la prescripción extintiva.

En tercer lugar, pesa en nuestro ánimo que algunos de los mecanismos que habilita la Regla 10 de Procedimiento Civil, supra, están diseñados para asegurar que un demandado entienda la reclamación instada en su contra y pueda solicitar la eliminación de material innecesario **antes** de contestar la demanda y aducir todas las defensas a las que entienda tiene derecho. Reglas 10.4 y 10.5 de Procedimiento Civil, supra. De la misma manera, una moción

---

[53] Contrario a lo que argumenta el recurrido, en Sánchez v. Aut. De Los Puertos, 153 DPR 559, 569 (2001), este Tribunal no realizó expresión alguna a los efectos de que una moción de desestimación puede considerarse como una alegación responsiva. Alegato del recurrido, pág. 8.

[54] Véase Art. 14 del Código Civil, 31 LPRA sec. 14; Matos v. Junta Examinadora, 165 DPR 741, 748-749 (2005) ("Resulta necesario que en nuestra interpretación armonicemos, hasta donde sea posible, todas las disposiciones de la ley con el propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa […] el lenguaje claro de la ley es la mejor expresión de la intención legislativa").

de desestimación al amparo de Regla 10.2(5) de Procedimiento Civil, _supra_, obliga al demandante que se opone a establecer por qué la reclamación que presentó es del tipo que justifica un remedio legal. Resulta en un contrasentido sostener que una defensa afirmativa se entiende renunciada antes de que el demandado tenga la oportunidad de emplear esos mecanismos, pues estos promueven que el demandado entienda la reclamación a la cual está sujeto y pueda aducir las defensas que procedan.[55]

Sin duda, nuestro ordenamiento procesal promueve que las defensas afirmativas se presenten en etapas tempranas del litigio, debido a que si prosperan tienen el potencial de disponer del pleito y así evitar que las partes y el tribunal incurran en los costos que supondría prolongar innecesariamente el caso. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V. No obstante, la Regla 6.3, _supra_, cumple este propósito al exigir que un demandado aduzca todas las defensas afirmativas a las que tenga derecho en la contestación a la demanda, sujeto únicamente a limitadas excepciones. De otra parte, la Regla 10.7, _supra_, obliga a la parte que presenta una moción a su amparo a acumular

---

[55] _Perry v. Sullivan_, 207 F.3d 379, 382-83 (7th Cir. 2000) (interpretando la Regla 12(b) de Procedimiento Civil federal, que contiene el mismo lenguaje que la Regla 10.2 de Procedimiento Civil local) ("Motions under Rule 12(b) serve to clarify a plaintiff's complaint by forcing the plaintiff, under penalty of dismissal, to state in plain and concise terms a claim under which relief could be granted. Allowing the defendant to file these motions before the answer helps the defendant to understand the complaint clearly before filing a response. Requiring the defendant to plead all affirmative defenses before the complaint has been clarified would defeat the purpose of the pleading rules. No cases hold that this is the rule") (citas omitidas). Véase también _Coons v. Indus. Knife Co._, 620 F.3d 38, 41 (1st Cir. 2010) ("Industrial Knife raised the limitations defense in its answer; no more was needed to preserve the issue for trial.").

todas las mociones a las que tenga derecho en su solicitud y, en lo pertinente a este caso, las defensas que la Regla 10 permite presentar mediante moción, a menos que se trate de una de las defensas que la Regla 10.7 expresamente exceptúa. Estas normas establecen un balance adecuado entre el imperativo de que los casos se vean en los méritos y evitar que los procesos se dilaten innecesariamente.

Nótese que la interpretación que el recurrido propone y que el Tribunal de Apelaciones validó en su Sentencia obligaría a los demandados a presentar en una moción de desestimación al amparo de la Regla 10.2, _supra_, todas las defensas afirmativas a las cuales tuvieran derecho, forzándolos a argumentarlas en ese escrito so pena de que se entiendan renunciadas; o, en la alternativa, a no presentar una moción al amparo de esa regla ante la posibilidad de renunciar inadvertidamente a una defensa afirmativa a la que podrían tener derecho. Las Reglas de Procedimiento Civil no contemplan ese resultado. Por lo tanto, erró el Tribunal de Apelaciones al concluir que la peticionaria renunció a la defensa afirmativa de prescripción debido a que no la planteó en la primera moción de desestimación que presentó al amparo de la Regla 10.2(5), _supra_.

Por último, nos corresponde evaluar si el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda por el fundamento de prescripción. Resolvemos que sí.

De la faz de la reconvención que el señor Rodríguez presentó contra el señor Resto el 21 de julio de 2015 surge que este tenía conocimiento de todos los elementos necesarios para ejercer su causa de acción contra la peticionaria desde al menos enero 2015, cuando se completó el traspaso del vehículo. En síntesis, el señor Rodríguez alegó que la peticionaria debía indemnizar los daños que ocasionó al hacer representaciones falsas (en particular, que el señor Resto era dueño del vehículo cuando el dueño verdadero era el señor Conde) y realizar gestiones con las autoridades para evitar que se usara el vehículo. No obstante, según resolvió correctamente el foro primario, desde al menos enero 2015 el señor Rodríguez conocía la identidad del verdadero titular registral del vehículo. Sin embargo, no fue hasta el 3 de marzo de 2016 –luego de expirado el término prescriptivo de un año– que el señor Rodríguez presentó una Demanda Enmendada en donde incluyó a la peticionaria como demandada.

Como es sabido, "si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que determina el término prescriptivo es cu[a]ndo se incluye el nuevo demandante o demandado por primera vez en la demanda […]". Arce Bucetta v. Motorola, 173 DPR 516, 537 (2008); Ortiz Díaz v. R & R Motors Sales Corp., 131 DPR 829, 837-838 (1992). Debido a que en este caso no aplica ninguna de las

excepciones a esta norma general,[56] para que la reclamación del recurrido contra la peticionaria no esté prescrita, esta tuvo que haberse instado en el término de un año desde que el traspaso se completó en enero de 2015, es decir, en enero de 2016. Sin embargo, no fue hasta el 3 de marzo de 2016 que el recurrido incluyó a la peticionaria como codemandada y, para ese entonces, ya su reclamación había prescrito.

Para explicar esta tardanza, el recurrido arguye que no fue hasta el 4 de noviembre de 2015 que tuvo todos los elementos necesarios para instar su causa de acción contra la peticionaria. Lo anterior, pues en esa fecha recibió – como parte del descubrimiento de prueba– una carta mediante la cual la peticionaria solicitaba a un tercero que devolviera el vehículo. Según el recurrido, no fue sino hasta ese momento que se percató que las representaciones

---

[56] La parte recurrida no alegó que la enmienda a la demanda que realizó el 3 de marzo de 2016 para añadir a la peticionaria como parte demandada se debe retrotraer a la fecha de la alegación original, es decir, la reconvención que presentó el 21 de julio de 2015. Por lo tanto, no estamos obligados a atender este planteamiento. Sin embargo, resaltamos que las únicas excepciones a esa regla general son las que contemplan la Regla 13.3 de Procedimiento Civil (establece requisitos cuando se quiere añadir demandantes o sustituir al demandado); la Regla 15.1 de Procedimiento Civil (sobre pleitos instados por una persona sin legitimación), y la Regla 15.4 (sobre partes demandadas con nombres desconocidos). Íd. De estas, la única que pudiese aplicar a este caso es la que contempla la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V. En lo pertinente, esta Regla establece que una enmienda para sustituir a la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si: (1) la reclamación o defensa que expone la alegación enmendada surge de la conducta, acto, omisión o evento que expone la alegación original; (2) si dentro del término prescriptivo, la parte que se trae mediante enmienda tuvo conocimiento de la causa de acción pendiente, de manera que no resulta impedido de defenderse en los méritos, y (3) si de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra. 32 LPRA Ap. V. En este caso, el recurrido conoció desde un principio la participación de la peticionaria en los hechos en los que apoyó su causa de acción, por lo que el tercer requisito no se cumple.

que realizó la peticionaria sobre la titularidad del vehículo eran falsas. Sin embargo, según enfatizó el foro primario, el señor Rodríguez conocía o debía conocer desde al menos enero 2015 -cuando ocurrió el traspaso con el verdadero titular registral, el señor Conde- la falsedad de esas representaciones. En ese sentido, la carta que se descubrió el 4 de noviembre de 2015 no aportó información nueva que justificara dar comienzo al término prescriptivo en ese entonces. Por lo tanto, según adelantado, desde enero 2015 el recurrido conocía todos los elementos necesarios para ejercitar su causa de acción contra la peticionaria, por lo que es forzoso concluir que la reclamación que presentó el 3 de marzo de 2016 contra la peticionaria está prescrita.

En un esfuerzo adicional por evitar la prescripción de su acción, el recurrido alega que los daños que presuntamente ocasionó la peticionaria son de carácter continuado. A base de lo anterior, plantea que el término prescriptivo en este caso no comenzó a transcurrir "hasta el archivo con perjuicio de su demanda contra tercero mediante la sentencia [de] 13 de enero de 2016", es decir, cuando la peticionaria abandonó las gestiones para recuperar el vehículo.[57] No tiene razón.

En nuestro ordenamiento "no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil". Giménez Álvarez v. Silén Maldonado, 131 DPR 91, 96

_____

[57] Alegato del recurrido, pág. 22.

(1992). El remedio disponible para el que es demandado de manera injustificada es la imposición de costas y honorarios de abogado. Íd., págs. 96-97 (citando a Pereira v. Hernández, 83 DPR 160, 164-165 (1961)) ("[En ausencia de disposición expresa concediendo una causa de acción, la] sanción judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y honorarios de abogado [y cuando proceda, intereses legales por temeridad] dentro del mismo pleito")). A modo de excepción, se permite la causa de acción por persecución maliciosa en el ámbito civil "cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente". Íd.; Fonseca v. Oyola, 77 DPR 525 (1954). Ese no es el caso aquí.

IV

Por los fundamentos que anteceden, se revoca la sentencia que emitió el Tribunal de Apelaciones y se reinstala la sentencia parcial que dictó el Tribunal de Primera Instancia.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Héctor Juan Conde Cruz<br><br>        Recurrido<br><br>              v.<br><br>Ángel L. Resto Rodríguez, Juana Doe, Pedro Roe, Mayra Y. Vicil Bernier<br><br>        Peticionarios<br><br>              v.<br><br>José A. Rodríguez Borrero<br><br>        Recurrido | AC-2019-0090 | |

SENTENCIA

En San Juan, Puerto Rico, a 10 de diciembre de 2020.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia que emitió el Tribunal de Apelaciones y se reinstala la Sentencia Parcial que dictó el Tribunal de Primera Instancia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió una opinión concurrente a la que se unió el Juez Asociado señor Martínez Torres. El Juez Asociado señor Rivera García concurrió sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Héctor Juan Conde Cruz<br><br>Recurrido<br><br>v.<br><br>Ángel L. Resto Rodríguez, Jane Doe y otros<br><br>Peticionarios<br><br>v.<br><br>José A. Rodríguez Borrero<br><br>Recurrido | AC-2019-0090 |  |

Opinión Concurrente emitida por la Jueza Asociada señora Pabón Charneco a la cual se une el Juez Asociado señor Martínez Torres.

En San Juan, Puerto Rico, a 10 de diciembre de 2020.

En el día de hoy este Tribunal resuelve que las defensas afirmativas no se renuncian si son omitidas en una Moción de Desestimación presentada previo a contestar la Demanda. Coincido con tal conclusión. Sin embargo, la Opinión Mayoritaria valida el que la parte demandada haya presentado más de una Moción de Desestimación antes de someter su alegación responsiva. Soy del criterio que debe fomentarse la acumulación de todas las defensas que la parte tenga disponible en una sola Moción de Desestimación presentada en esa etapa procesal. Por ello, concurro con la decisión que emite una Mayoría del Tribunal.

I

Los hechos que dieron margen a la controversia ante nos se dieron en el contexto de una reclamación por daños y perjuicios. Varias personas afirmaron ser el titular de un vehículo que se les había cedido en determinado momento. Una de estas personas fue el Sr. José A. Rodríguez Borrero (en adelante, "el recurrido"). El recurrido fue incluido en el pleito como parte demandada. El 21 de julio de 2015, este contestó la Demanda y reconvino.

El 10 de mayo de 2016, el recurrido enmendó su Reconvención para incluir como demandada a la Lcda. Mayra Vicil Bernier (en adelante, "la peticionaria"), quien fungía como representante legal de su adversario. El recurrido alegó que la peticionaria le causó daños consistentes en representaciones falsas sobre que su representado era el dueño del vehículo objeto de disputa, lo cual resultó en que se le privara del uso del vehículo por varios meses.

Así las cosas, el 5 de julio de 2016 la peticionaria presentó una Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *infra*. Levantó como fundamento el que la Demanda en su contra no aducía una reclamación que justificara la concesión de un remedio. Específicamente, planteó que el recurrido carecía de legitimación activa y que la controversia no estaba madura. El Tribunal de Primera Instancia se reservó el fallo sobre esta Moción hasta tanto se resolviera un asunto de

descalificación que estaba ante la consideración del Tribunal de Apelaciones.

Luego de culminado el proceso apelativo sobre la descalificación, el 3 de agosto de 2017 la peticionaria presentó una segunda Moción de Desestimación. En ella, argumentó que la causa de acción en su contra estaba prescrita. Ahondó que la propia Reconvención revelaba que el recurrido tenía conocimiento del envolvimiento que tuvo la peticionaria en los hechos desde el 2014, por lo que estaba prescrita cualquier reclamación en su contra por esos hechos.

El Tribunal de Primera Instancia atendió la segunda Moción de Desestimación y, luego de una vista argumentativa, resolvió a favor de la peticionaria. Concluyó que el recurrido conoció los elementos necesarios para reclamar desde octubre de 2014, cuando esta le hizo las alegadas representaciones falsas sobre que su cliente era el verdadero dueño del vehículo. En la alternativa estimó que, como tarde, conoció los elementos en enero de 2015, cuando oficialmente el titular registral del vehículo, quien no era el cliente de la peticionaria, le traspasó la titularidad al recurrido.

Posteriormente, el Tribunal de Apelaciones revocó al tribunal de instancia. El foro *a quo* entendió que la peticionaria renunció a la defensa de prescripción por no haberla aducido en la primera Moción de Desestimación que presentó. Intimó que al ser la prescripción una defensa

afirmativa, debió plantearse en la primera oportunidad que se tenía, de conformidad con lo dispuesto en la Regla 10.7 de Procedimiento Civil, *infra*. Como no se acumuló en la primera Moción de Desestimación, razonó que la defensa fue renunciada y debía continuarse con los procedimientos ante el foro primario.

## II

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, faculta a la parte demandada en un pleito a presentar una Moción de Desestimación antes de contestar la Demanda. Este mecanismo puede utilizarse cuando de las alegaciones surge que la acción está prescrita, pues la Demanda no estaría exponiendo una reclamación que justifique la concesión de un remedio. De no prosperar el planteamiento, la presentación de una Moción al amparo de la mencionada Regla conlleva el efecto de alterar el término que tiene la parte para contestar la Demanda. En virtud de lo señalado, la parte aguarda la determinación del tribunal para proceder a someter su alegación responsiva. 32 LPRA Ap. V, R. 10.1.

Otra consideración sobre las Mociones de Desestimación presentadas previo a contestar la Demanda es que están sujetas al cumplimiento con la Regla 10.7 de Procedimiento Civil, 32 LPRA Ap. V. Esta Regla recoge la norma de acumulación de defensas y objeciones como sigue:

> **La parte que presente una moción de acuerdo con esta Regla 10 y no incluya en ella cualquiera de las defensas y objeciones a que tenga derecho** y que esta Regla 10 le permita presentar mediante moción, **no podrá presentar luego una moción fundada en las defensas u objeciones así**

**omitidas, excepto las provistas en las Reglas 10.2(1) y 10.8(b).** (Énfasis suplido).

De la Regla 10.7 de Procedimiento Civil, *supra*, se colige que si la parte no acumula en la Moción de Desestimación todas las defensas y objeciones que tenga disponible, se darán por desistidas. Excepcionalmente, y a pesar de no haberse acumulado, podrán presentarse posteriormente las defensas privilegiadas provistas en las Reglas 10.2(1) (falta de jurisdicción sobre la materia) y 10.8(b) (dejar de exponer una reclamación que justifique la concesión de un remedio, omitir acumular una parte indispensable, y omitir exponer una defensa legal a una reclamación). 32 LPRA Ap. V, Rs. 10.2(1) y 10.8(b).

Atinente a la controversia de autos, cabe profundizar sobre el texto de la Regla 10.8(b) de Procedimiento Civil, *supra*. En lo pertinente, esta detalla que:

> **La defensa de haber dejado de exponer una reclamación que justifique la concesión de un remedio** [...] **puede**[] **hacerse mediante** cualquier **alegación** permitida u ordenada según lo dispuesto en la Regla 5.1, mediante una **moción para que se dicte sentencia por las alegaciones o en el juicio.** (Énfasis suplido).

Partiendo de una lectura integral de la Regla 10 de Procedimiento Civil, si un fundamento comprendido bajo la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio es omitido en una Moción de Desestimación, no se entenderá renunciado. No obstante, la Regla dispone específicamente la manera en la que puede presentarse posteriormente tal defensa. De acuerdo con la Regla 10.8(b), *supra*, se podrá presentar a través de: (1)

una **alegación,** (2) una **moción para que se dicte sentencia por las alegaciones,** o (3) en el **Juicio.**

III

Tal cual demuestra el caso de autos, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio abarca una amplia gama de argumentos. La peticionaria presentó una primera Moción de Desestimación al amparo de la Regla 10 de Procedimiento Civil. Fundamentó su petición en que la Reconvención dejaba de exponer una reclamación que justificara un remedio. En esta adujo específicamente que el recurrido carecía de legitimación activa y que la acción no estaba madura. Luego, presentó una segunda Moción de Desestimación al amparo de la misma Regla. Fundamentó su petición en idéntica defensa, pero arguyendo específicamente que la acción estaba prescrita. Dichos planteamientos están comprendidos dentro de la defensa antes mencionada y la peticionaria los tenía disponible cuando presentó la primera Moción. El hecho de que la mencionada defensa abarca un sinnúmero de argumentos no implica que todos ellos puedan presentarse en el momento que le plazca a la parte sin limitación alguna. La peticionaria debió acumular la defensa de prescripción en la primera Moción que presentó a pesar de que prescindir de hacerlo no resultaría en su renuncia.

Sin embargo, la Mayoría razona que "[d]ebido a que mediante la segunda moción que presentó se solicitó la

desestimación por ese fundamento, **la peticionaria no estaba obligada a acumular la defensa de prescripción extintiva en la primera moción de desestimación** que presentó". (Énfasis suplido). Opinión del Tribunal, pág. 26. Discrepo de esa aseveración. Al leer la Regla 10.7 en conjunto con la Regla 10.8(b) de Procedimiento Civil, *supra*, se desprende que, a pesar de que la defensa concerniente no se renuncia si no se acumula en una moción presentada bajo la Regla 10.2, la manera de presentarla posteriormente tiene que ser mediante las tres (3) formas señaladas (alegación, moción para que se dicte sentencia por las alegaciones o en el Juicio) y no mediante una segunda Moción de Desestimación. No hay indicación alguna de que se permite traer la defensa en una segunda Moción de Desestimación antes de que se conteste la Demanda, según ocurrió en este caso.

Cabe destacar que la Regla 10 de Procedimiento Civil de Puerto Rico emana de la Regla 12 de Procedimiento Civil Federal, 28 U.S.C. La interpretación que he señalado ha sido reconocida en varios de los Circuitos federales para la regla equivalente.[58] Sobre este particular, los tratadistas norteamericanos Wright y Miller expresan que:

---

[58] Véanse *e.g. Circuit Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.),* 846 F.3d 313, 317-318 (9th Cir. 2017) ("A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense. Rule 12(g)(2) provides that **a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion** under Rule 12(b)(6), **but the defense may be asserted in other ways**"). (Énfasis suplido); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320-321 (3d Cir. 2015) ("Bank of America's **second motion to dismiss was plainly neither a** Rule 7(a) **pleading nor a motion raised at trial. Nor was it a** Rule 12(c) **motion for judgment on the pleadings,** which may be filed only "[a]fter the pleadings are closed." **Thus,** because no exception to Rule 12(g)(2)

> The operation of Rule 12(h)(2) is relatively simple. The three defenses protected by the rule [failure to state a claim upon which relief can be granted, to join a required person, or to state a legal defense to a claim] may be asserted by motion before serving a responsive pleading. Unlike the Rule 12(h)(1) defenses, however, **if a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, she has not waived it, even though, under Rule 12(g), the party may not assert the defense by a second pre-answer motion.** As the rule explicitly provides, a **defending litigant also may interpose any of the Rule 12(h)(2) defenses in the responsive pleading** or in any pleading permitted or ordered by the court under Rule 7(a). Moreover, even if these defenses are not interposed in any pleading, they may be the subject of **a motion under Rule 12(c) for judgment on the pleadings or of a motion to dismiss at trial.** (Énfasis suplido). 5C Wright and Miller, *Federal Practice and Procedure* Sec. 1392 (3d ed. 2020).

En otras palabras, los susodichos tratadistas afirman que, aunque no se entenderán renunciadas estas defensas privilegiadas por omitirse en una moción al amparo de la Regla 12 de Procedimiento Civil Federal, *supra*, no debe tolerarse la presentación de otra moción previo a que se someta la alegación responsiva.

Finalmente, una peculiaridad adicional en el caso ante nos es que la manera de presentar la defensa de prescripción tras una Moción de Desestimación es aún más limitada. La razón para ello es que la prescripción es una defensa afirmativa y estas deben ser presentadas en la

---

covers Bank of America's successive motion, **it was improper to consider that motion**"). (Énfasis suplido); *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 703 (10th Cir. 2014) ("[The Seventh Circuit's] reasoning fails to address **the language from Rule 12(h)(2)** that **arguably limits a party to presenting those arguments in a pleading, a motion for judgment on the pleadings, or at trial.** For that reason, we find the Seventh Circuit's approach problematic"). (Énfasis suplido).

alegación responsiva, so pena de que se entiendan renunciadas. 32 LPRA Ap. V, R. 6.3. Por ende, bajo el fundamento de prescripción, una parte demandada no podría esperar a que estén sometidas todas las alegaciones o hasta iniciado el Juicio para plantear la defensa, sino que tendría hasta el momento en que presenta la alegación responsiva como oportunidad final para levantarla.

IV

Acorde a la normativa apuntada, entiendo que en el caso de autos el Tribunal de Primera Instancia incidió al considerar la segunda Moción de Desestimación presentada. Debió denegarla y atender el planteamiento solo si la peticionaria lo traía en su alegación responsiva.

**Se debe fomentar la acumulación de todas las defensas que la parte tenga disponible en una sola moción. El permitir mociones sucesivas de este tipo podría dar paso a que la parte presente varias como táctica para retrasar el término del cual goza para someter la alegación responsiva. La acumulación de las defensas en una sola moción sirve los mejores intereses de la eficiencia, economía judicial y administración del caso.**

No empece lo anterior, el error cometido no fue perjudicial. Véase 32 LPRA Ap. V, R. 50. Si a nivel apelativo declaráramos no ha lugar la segunda Moción de Desestimación por el motivo expresado, la peticionaria estaría puesta en conocimiento de que su defensa no ha sido renunciada y entonces la plantearía al contestar la

Demanda. El único fin que se alcanzaría al seguir ese curso de acción sería retrasar innecesariamente el proceso ya que, como en breve explicaré, de la propia Reconvención presentada por el recurrido surge que la acción está prescrita. No debemos olvidar que las reglas procesales se interpretarán de manera que "garanticen una solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R. 1. Por ende, no es desacertado que atendamos en los méritos la controversia, teniendo presente que, aunque desapruebo que se perpetúe a nivel de instancia la costumbre de presentar varias de estas mociones previo a contestar la alegación, en el caso de autos resulta ser un error no perjudicial.

Utilizando el estándar de adjudicación aplicable, a saber, examinando las alegaciones liberalmente y de la manera más favorable al demandante, no se justifica la concesión de un remedio. De las alegaciones de la Reconvención se puede constatar que, como mínimo, desde enero de 2015 el recurrido conocía los elementos necesarios para instar la acción en daños y perjuicios en contra de la peticionaria. Fue en ese momento cuando el recurrido realizó el traspaso de la titularidad del vehículo a su nombre. Presumiendo ciertas las alegaciones, para entonces debió conocer que las representaciones de la peticionaria sobre que su cliente era el dueño del vehículo eran falsas. Lo anterior, porque el representado de esta no era el titular registral quien le traspasó el título. Es decir, se

parte de la premisa de que cuando el recurrido presentó su Reconvención el 21 de julio de 2015, conocía el rol de la peticionaria en la producción del daño alegado. Aun conociéndolo, no la incluyó en su Reconvención y esperó hasta el 10 de mayo de 2016 para incluirla mediante enmienda a la alegación. Por consiguiente, el recurrido no ejerció su derecho de forma razonable y su causa de acción en contra de la peticionaria está prescrita.

En esencia, estoy conteste con revocar al foro apelativo intermedio. Coincido con la Mayoría en cuanto a que las defensas afirmativas no se renuncian si son omitidas en una Moción de Desestimación presentada previo a contestar la Demanda. También en cuanto a que en el caso de autos la acción en contra de la peticionaria está prescrita. Empero, discrepo en cuanto a tolerar la práctica de presentar más de una Moción de Desestimación antes de someter la alegación responsiva.

Por las razones antes esbozadas, concurro con el resultado de la Opinión Mayoritaria.


                              Mildred G. Pabón Charneco
                              Jueza Asociada